## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODNEY WELLS                :
        Petitioner,          :
                        :        **CIVIL ACTION**
       v.                 :        **NO. 07-239**
                        :
JAMES T. WYNDER       :
        Respondent.       :

**FILED**

MAY 0 8 2007

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 4th day of May, 2007, upon consideration of the *pro se* Second Motion for Equitable Relief Under 60(b)(1)(2)(3)(4) and (6) Seeking Equitable Relief in the Exercise of This Court's Inherent Article (3) Powers and/or for Relief from Judgment, Based Upon Extraordinary Circumstances (Document No. 1, filed January 18, 2007); and the *pro se* Motion-Petition for Recusal of Appeal District [sic] Judge Jan E. Dubois (Document No. 2, filed January 18, 2007), **IT IS ORDERED**, as follows:

     1.     The *pro se* Second Motion for Equitable Relief Under 60(b)(1)(2)(3)(4) and (6) Seeking Equitable Relief in the Exercise of This Court's Inherent Article (3) Powers and/or for Relief from Judgment, Based Upon Extraordinary Circumstances is **DISMISSED WITH PREJUDICE**; and

     2.     The *pro se* Motion-Petition for Recusal of Appeal District [sic] Judge Jan E. Dubois is **DENIED**.

### M E M O R A N D U M

## I.     BACKGROUND

On April 26, 1985, a jury sitting in the Court of Common Pleas for Philadelphia County

convicted petitioner Rodney Wells of robbery, burglary, criminal conspiracy, and possession of an instrument of crime. He is currently a state prisoner serving an aggregate term of imprisonment of twenty-five to fifty years and a consecutive term of fifteen years probation.

On August 27, 2004, petitioner filed a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (the "*pro se* habeas petition"), which this Court dismissed as untimely by Order dated September 1, 2005. Wells v. Palakovitch, Civ. No. 04-4072, 2005 WL 2148534, *1 (E.D. Pa. Sept. 1, 2005). On October 3, 2005, petitioner filed a notice of appeal. The Court of Appeals for the Third Circuit denied a certificate of appealability on December 9, 2005. Wells v. Palakovitch, et al., Civ. No. 05-4499 (3d Cir. Dec. 9, 2005).

On December 23, 2005, petitioner filed a *pro se* Petition/Motion Pursuant to Federal Rules of Civil Procedure 60(b)(3)(4) and (6) (the "*pro se* Petition/Motion"). This Court dismissed the *pro se* Petition/Motion without prejudice as an unauthorized successive habeas petition by Memorandum and Order dated June 12, 2006. Wells v. Wydner, Civ. No. 05-6781, 2006 WL 1648980, *3-4 (E.D. Pa. Jun. 12, 2006) (citing Gonzalez v. Crosby, 545 U.S. 524, 531 (2005)). On June 16, 2006, petitioner filed a notice of appeal. The Third Circuit denied a certificate of appealability on December 21, 2006. Wells v. Wynder, Civ. No. 06-3150 (3d Cir. Dec. 21, 2006).

In the Memorandum and Order dated June 12, 2006, this Court ruled on four additional motions, filed under two civil action numbers.[1] Pursuant to 28 U.S.C. § 1631, the Court

---

[1] The four motions were: (1) petitioner's *pro se* Motion to Vacate Judgment of Sentence Pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6) In the Interest of Justice As A Remedy for the Federal Courts Resolutions Doctrine and Is Contrary to the Supremacy Clause of the United States Constitution, filed on January 20, 2006 in Civil Action No. 06-0270; (2) petitioner's *pro se* Amended Petition/Motion Pursuant to Federal Rules of Civil Procedure

transferred these four motions to the Third Circuit for a decision on the question whether to

authorize petitioner to file a successive habeas corpus petition. Wells v. Wydner, Civ. Nos. 05-

6781 and 06-270, 2006 WL 1648980, *5 (E.D. Pa. Jun. 12, 2006). On October 19, 2006, the

Third Circuit issued one Order denying petitioner permission to file a successive habeas petition.

In re Rodney Wells, Civ. No. 06-3088 (3d Cir. Oct. 19, 2006). This Court construes the October

19, 2006 Order of the Third Circuit as denying all four of the transferred motions. Thus, none of

the transferred motions are pending in the Third Circuit.[2]

Presently before the Court are two motions filed by petitioner: petitioner's *pro se* Second

Motion for Equitable Relief Under 60(b)(1)(2)(3)(4) and (6) Seeking Equitable Relief in the

Exercise of This Court's Inherent Article (3) Powers and/or for Relief from Judgment, Based

Upon Extraordinary Circumstances (the "*pro se* Rule 60(b) Motion"); and petitioner's *pro se*

Motion-Petition for Recusal of Appeal District [sic] Judge Jan E. Dubois (the "*pro se* Recusal

---

60(b)(2), filed on February 6, 2006 in Civil Action No. 05-6781; (3) petitioner's *pro se* Motion
for Compulsory Disclosure Discovery and Inspection, filed on February 9, 2006 in Civil Action
No. 05-6781; and (4) Petitioner [sic] [*Pro se*] Amended Petition/Motion Pursuant to Federal
Rules of Civil Procedure 60(b)(2) Based Upon Newly Discovered Evidence, Which Has
Subsequently Become Available, filed on May 9, 2006 in Civil Action No. 06-0270.

   [2] This Court subsequently dismissed without prejudice two additional motions, which are
not at issue in this Memorandum. On June 9, 2006, petitioner filed a *pro se* Petition/Motion
Pursuant to Federal Rules of Civil Procedure Under Subsection 60(b)(3) Fraud,
Misrepresentation, and Misconduct of an Adverse Party, which this Court dismissed without
prejudice as an unauthorized habeas petition by Order and Memorandum dated July 12, 2006.
Wells v. Wydner, 2006 WL 1984702 (E.D. Pa. Jul. 13, 2006). Finally, on July 24, 2006,
petitioner filed a *pro se* Petition/Motion Pursuant to Federal Rules of Civil Procedure Under
Subsection 60(b)(3) Fraud, Misrepresentation, and Misconduct of an Adverse Party, which this
Court dismissed without prejudice as an unauthorized habeas petition by Order dated August 25,
2006.

Motion").[3]  For the reasons set forth below, the *pro se* Rule 60(b) Motion is dismissed with prejudice as untimely, and the *pro se* Recusal Motion is denied.

## II.    DISCUSSION: PETITIONER'S RULE 60(b) MOTION

### A.    Petitioner's Claims

In his *pro se* Rule 60(b) Motion, petitioner moves this Court to "grant equitable relief on Petitioner [sic] claim challenging the legality of his sentence."  Mot. at 1.  However, petitioner does not raise any sentencing claims in the *pro se* Rule 60(b) Motion itself.  Rather, petitioner "seeks re-opening" of two prior petitions, previously dismissed by this Court, in which petitioner raised substantive claims.  Mot. at 2.

First, petitioner "seeks re-opening" of his August 27, 2004 *pro se* habeas petition so that the Court may adjudicate the claims raised in that petition on the merits.  Id. at 1 ("[P]etitioner humbly seeks adjudication on the merits of his claims, which he never received from the state court nor the Honorable District Court . . .").  Construing petitioner's *pro se* Rule 60(b) Motion liberally, the Court infers that petitioner is challenging this Court's dismissal of the *pro se* habeas petition as untimely in the Order dated September 1, 2005.

Second, petitioner "seeks re-opening" of his December 23, 2005 *pro se* Petition/Motion. Id. at 2.  Construing petitioner's *pro se* Rule 60(b) Motion liberally, the Court infers that petitioner is challenging this Court's dismissal of the *pro se* Petition/Motion as an unauthorized successive habeas petition in the Memorandum and Order dated June 12, 2006.  See Mot. at 2 (asserting that the *pro se* Petition/Motion "was appropriately before the district court"); see also

---

[3]  Because defendant filed both Motions *pro se*, the Court will construe defendant's arguments liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

Mot. Recusal at 4 (asserting that this Court "shut petitioner out of federal court, 'contrary' to Gonzalez") (citing Gonzalez v. Crosby, 545 U.S. 524 (2005)).

In short, petitioner's *pro se* Rule 60(b) Motion asserts two claims of legal error: that the Court erred in dismissing petitioner's *pro se* habeas petition as untimely, and that the Court erred in dismissing petitioner's *pro se* Petition/Motion as an unauthorized successive habeas petition. Petitioner does not elaborate on either of these claims of procedural error in the *pro se* Rule 60(b) Motion.

Instead, petitioner dedicates the *pro se* Rule 60(b) Motion, in large part, to the task of arguing that this Court has the authority to "re-open[]" its prior judgments. Mot. at 2. Specifically, petitioner asserts that there are three sources of authority under which this Court may "re-open[]" the *pro se* habeas petition and the *pro se* Petition/Motion: Federal Rule of Civil Procedure 60(b), Article III of the United States Constitution, and 28 U.S.C. § 2243.[4]

In this Memorandum, the Court first considers whether it has the authority to "re-open[]" its prior judgments under Rule 60(b), Article III or 28 U.S.C. § 2243. The Court concludes that it does not. The Court further concludes that the *pro se* Rule 60(b) Motion is properly construed not as a motion under Rule 60(b), Article III or 28 U.S.C. § 2243, but as a motion for reconsideration under Rule 59(e). However, construed as a motion for reconsideration, the *pro se* Rule 60(b) Motion is untimely and lacks merit.

---

[4] 28 U.S.C. § 2243 provides, in relevant part:
A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto . . . The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

**B.     This Court Cannot "Re-Open" Its Prior Judgments on Any of the Grounds Asserted in the *Pro se* Rule 60(b) Motion**

**1.     Rule 60(b)**

In the *pro se* Rule 60(b) Motion, petitioner asserts that this Court has authority under Rule 60(b) to "re-open" his *pro se* habeas petition and his *pro se* Petition/Motion and to "grant him equitable relief." Mot. at 1 (brackets omitted). This Court disagrees.

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.' " Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). However, a "Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

Although styled as a motion under Rule 60(b), petitioner's *pro se* Rule 60(b) Motion does not assert that petitioner is entitled to relief from judgment under any of the enumerated grounds

of Rule 60(b). Petitioner does not allege any "mistake," "newly discovered evidence" or "fraud" as to the *pro se* habeas petition or the *pro se* Petition/Motion. See Fed. R. Civ. P. 60(b)(1),(2),(3). Nor does petitioner allege that either "judgment is void" or "any other reason justifying relief from" either judgment. See Fed. R. Civ. P. 60(b)(4),(6). Moreover, the *pro se* Rule 60(b) Motion, which asserts claims of legal error, "contains no arguments which could not have been raised on appeal, making Rule 60(b) inappropriate." Hazel v. Smith, 190 Fed. Appx. 137, 138 (3d Cir. 2006). Thus, this Court cannot "re-open[]" the *pro se* habeas petition or the *pro se* Petition/Motion under Rule 60(b).[5]

## 2.    Article III

Second, petitioner asserts that this Court has "plenary equitable power to revisit and-or revise its own judgments" dismissing the *pro se* habeas petition and the *pro se* Petition/Motion directly under Article III of the United States Constitution. Mot. at 5 (brackets omitted). Moreover, petitioner asserts that "when a prisoner proceeds directly under Article (3) . . . Limitation [sic] such as 28 U.S.C. § 2244(b)(1). Therefore, simply do not apply . . ." Mot. at 8.

Petitioner's Article III argument is wholly without merit. A federal court may adjudicate a case only if the court has constitutional jurisdiction under Article III *and* jurisdiction under a

---

[5] Petitioner strenuously asserts that the *pro se* Rule 60(b) Motion is not an unauthorized successive habeas petition. Mot. at 4. This Court agrees with petitioner in part. Petitioner is correct that the *pro se* Rule 60(b) Motion is not a successive habeas petition because it raises no substantive claims regarding his conviction or sentence. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (holding that a Rule 60(b) motion is a successive habeas petition where the motion challenges the underlying state conviction). However, the fact that the *pro se* Rule 60(b) Motion is not a successive habeas petition does not automatically mean that the Motion is a proper Rule 60(b) Motion. For the reasons stated above, the Court concludes that the *pro se* Rule 60(b) Motion is not authorized under Rule 60(b).

federal statute. <u>West Penn Power Co. v. Train</u>, 522 F.2d 302, 313-14 (3d Cir. 1975) (citing <u>Sheldon v. Sill</u>, 49 U.S. 441, 448-49 (1850)). Thus, this Court cannot "re-open[]" its prior judgments under Article III alone, and petitioner's Article III argument is rejected.

> **3.      28 U.S.C. § 2243**

Third, petitioner asserts that "this court's powers under § 2243 are broad enough to allow this court to revise a judgment in the interest of fundamental justice." Mot. at 10. Petitioner further asserts that the "restrictions" of Rule 60(b) and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "do not attach" to, or limit, this Court's authority under 28 U.S.C. § 2243.

Again, this argument is completely without merit. Section 2243 provides, *inter alia*, that the federal courts shall dispose of a habeas corpus petition "as law and justice require." This statute has no bearing whatsoever on this Court's authority to "re-open[]" or "revise" its judgment dismissing petitioner's *pro se* habeas petition or its judgment dismissing petitioner's *pro se* Petition/Motion. Thus, petitioner's argument under 28 U.S.C. § 2243 is also rejected.

**C.      The Court Construes the *Pro se* Rule 60(b) Motion as a Motion for Reconsideration**

Having determined that this court cannot "re-open[]" its prior judgments under Rule 60(b), Article III, or 28 U.S.C. § 2243, the Court *sua sponte* considers whether it has authority to reconsider its judgments under Rule 59(e). The Court concludes that, considering petitioner's *pro se* Rule 60(b) Motion as a motion for reconsideration under that Rule, the *pro se* Rule 60(b) Motion is untimely and lacks merit.

> **1.      Consideration of the *Pro se* Rule 60(b) Motion as a Motion for Reconsideration Under Rule 59(e)**

Rule 59(e) and Rule 60(b) "serve similar functions," but "each has a particular purpose."

United States v. Fiorelli, 337 F.3d 282, 287 (3d Cir. 2003).  While Rule 60(b) provides relief from judgment, Rule 59(e) "permits the filing of a motion to alter or amend a judgment." Id. at 288.  "A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error." Id. (quoting Smith, 853 F.2d at 158-59).

Three situations justify granting a motion for reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court dismissed the prior petition; or (3) the need to correct a clear error of law or fact or to prevent "manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Enigwe v. United States Dist. Ct. for the Eastern Dist. of Pa., 2006 WL 2884433, *1 (E.D. Pa. Oct. 6, 2006).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In this case, petitioner seeks to "re-open[]" his *pro se* habeas petition and *pro se* Petition/Motion so that the Court can adjudicate those filings on the merits and grant equitable relief.  In a liberal reading of the *pro se* Rule 60(b) Motion, petitioner asserts that reconsideration is necessary to correct errors of law.  Specifically, petitioner asserts that this Court improperly dismissed the *pro se* habeas petition and the *pro se* Petition/Motion on procedural grounds.  In this way, petitioner seeks to "'relitigate the original issue' decided by" this Court and alleges "legal error." Fiorelli, 337 F.3d at 287.  Thus, the Court will consider petitioner's *pro se* Rule 60(b) Motion as a motion for reconsideration under Rule 59(e).

2. **The *Pro se* Rule 60(b) Motion, Considered as a Motion for Reconsideration Under Rule 59(e), Is Untimely**

Under Rule 60(b), a motion for relief from judgment may be filed "within a reasonable

time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). However, petitioner cannot take advantage of the relaxed limitations period of Rule 60(b) simply by captioning his motion under that Rule. "[T]he function of the motion, and not the caption, dictates which Rule is applicable." Fiorelli, 337 F.3d at 287-88. As stated above, petitioner's Motion is not properly construed as a motion under Rule 60(b), but rather as a motion for reconsideration under Rule 59(e).

Under Rule 59(e), "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). This "ten-day period 'is jurisdictional, and cannot be extended in the discretion of the district court.'" Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994) (quoting Welsh v. Folsom, 925 F.2d 666, 669 (3d Cir. 1991)). In his *pro se* Rule 60(b) Motion, petitioner seeks reconsideration of two judgments of the Court that were entered on September 1, 2005 and June 12, 2006. Because petitioner did not file the *pro se* Rule 60(b) Motion until January 18, 2007, petitioner's Motion is time-barred and must be dismissed.

### 3.    Even If It Were Timely, the *Pro se* Rule 60(b) Motion Does Not Assert a Valid Ground for Reconsideration

The Court further concludes that even if petitioner's *pro se* Rule 60(b) Motion were timely, petitioner fails to assert a valid ground for reconsideration of his *pro se* habeas petition or his *pro se* Petition/Motion. The Court considers each prior filing in turn.

First, petitioner asserts that this Court erred in dismissing his *pro se* habeas petition as untimely and not adjudicating his claims on the merits. However, petitioner does not elaborate on this assertion, and does not allege any grounds for concluding that legal error occurred. Moreover, the Third Circuit has previously held that this Court properly dismissed the *pro se*

10

habeas petition as untimely.  That court, in denying a certificate of appealability, held that "[f]or essentially the reasons explained by the District Court, Wells has failed to make a substantial showing of the denial of a constitutional right.  The District Court was correct that Wells was not entitled to equitable tolling."  Wells v. Palakovitch, et al., Civ. No. 05-4499 (3d Cir. Dec. 9, 2005) (citations omitted).  Thus, petitioner's arguments in the *pro se* Rule 60(b) Motion are not grounds for reconsidering the *pro se* habeas petition, which was properly dismissed as untimely.

Second, petitioner asserts that this Court erred in dismissing his *pro se* Petition/Motion as an unauthorized successive habeas petition.  Petitioner elaborates on this argument in his *pro se* Motion for Recusal, in which he argues that the *pro se* Petition/Motion was a proper Rule 60(b) motion under Gonzalez.  See Mot. Recusal at 4.  This Court disagrees.

In the *pro se* Petition/Motion, petitioner argued "that he was denied due process and equal protection because the trial court sentenced him more harshly than his co-defendants, abused its discretion, and was excessive in imposing sentence."  Memorandum & Order, June 6, 2006, at 3. In this way, petitioner asserted constitutional claims regarding his sentencing.  Accordingly, this Court properly dismissed the *pro se* Petition/Motion as an unauthorized successive habeas petition under Gonzalez.  The Third Circuit agreed.  As to petitioner's *pro se* Petition/Motion, the Third Circuit held that "[b]ecause appellant [petitioner] raised a substantive challenge to his sentence, the District Court properly denied his Rule 60(b) motion for lack of prior authorization."  Wells v. Wynder, Civ. No. 06-3150 (3d Cir. Dec. 21, 2006) (citing Gonzalez v. Crosby, 545 U.S. 524 (2005)).  Thus, petitioner's arguments in the *pro se* Rule 60(b) Motion are not a basis for granting reconsideration of the *pro se* Petition/Motion, which was properly dismissed as an unauthorized successive habeas petition.

III.   **DISCUSSION: PETITIONER'S RECUSAL MOTION**

Under 28 U.S.C. § 455(a), "any justice, judge or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) requires judicial recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his interest or bias in a case. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988). The Supreme Court has made it clear that "judicial rulings alone almost never constitute a valid basis" for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). The reason for this general rule is that judicial rulings "in and of themselves can only in the rarest of circumstances evidence the degree of favoritism or antagonism required" to prove bias. Id.

In his *pro se* Motion for Recusal, petitioner asserts that this Court should be recused for the sole reason that the Court "refuses to let Petitioner benefit from" Gonzalez. Mot. Recusal at 4 (citing Gonzalez v. Crosby, 545 U.S. 524 (2005)). Specifically, petitioner asserts that this Court improperly applied Gonzalez to petitioner's *pro se* Petition/Motion, which this Court dismissed without prejudice as an unauthorized successive habeas petition. Mot. Recusal at 4.

Petitioner's argument for recusal is wholly without merit. Under the standards of 28 U.S.C. § 455(a), petitioner asserts absolutely no facts which would warrant recusal. The asserted basis for the *pro se* Recusal Motion–namely, the Court's prior dismissal of petitioner's *pro se* Petition/Motion as an unauthorized successive habeas petition–is not a valid ground for a recusal motion. "The undersigned district judge cannot be disqualified under 28 U.S.C. § 455(a) merely because [plaintiff] disagrees with his decision." Bolick v. Pennsylvania, 2005 WL 3234630, *2 (E.D. Pa. Nov. 30, 2005).

Moreover, petitioner's substantive argument that this Court improperly applied <u>Gonzalez</u> to his *pro se* Petition/Motion is wholly without merit. The Third Circuit, denying a certificate of appealability to petitioner, held that this Court "properly denied [the] Rule 60(b) motion for lack of prior authorization" under <u>Gonzalez</u>. <u>Wells v. Wynder</u>, Civ. No. 06-3150 (3d Cir. Dec. 21, 2006). Thus, petitioner's *pro se* Motion for Recusal is denied.

## IV.    CONCLUSION

For the foregoing reasons, the *pro se* Second Motion for Equitable Relief Under 60(b)(1)(2)(3)(4) and (6) Seeking Equitable Relief in the Exercise of This Court's Inherent Article (3) Powers and/or for Relief from Judgment, Based Upon Extraordinary Circumstances is dismissed with prejudice as untimely, and the Motion-Petition for Recusal of Appeal District [sic] Judge Jan E. Dubois is denied.

**BY THE COURT:**

**JAN E. DUBOIS, J.**

5/7/07 MAIled
wells

13